UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CJI Trading LLC f/k/a Croton Jewelry International :
LLC, :
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　: **OPINION AND ORDER**
　　　　　　　　　　　　　　　　Plaintiff, 　　　: **GRANTING JUDGMENT**
　　　　　　　　　　　　　　　　　　　　　　　　: **ON THE PLEADINGS**
　　　　-against-　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　: 20 Civ. 4294 (AKH)
JPMorgan Chase Bank, N.A., 　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　Defendant. 　　:
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

　　　　CJI Trading, LLC, ("Plaintiff" or "CJI"), a New York jewelry store, was involved in the sale of personal protective equipment ("PPE") across the United States and in the New York area at the beginning of the COVID-19 pandemic. CJI brings this suit against its bank, JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"), alleging that Chase wrongfully froze its assets and closed its account. Defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c). For the reasons that follow, Defendant's motion is granted.

## BACKGROUND

　　　　The facts as alleged are as follows. CJI maintained a bank account with Chase, which is governed by a Deposit Account Agreement (the "Agreement"). Compl. ¶¶ 2, 12, 24, 32, Ex. A, ECF No 1-1; Answer ¶¶ 2, 12, 24, 32, ECF No. 28. Section IX.B of the Agreement sets forth the process under which Chase may restrict CJI's account. Compl. ¶ 36. It states that Chase "may decline or prevent any or all transactions to or from your account," and may "refuse, freeze, reverse or delay any specific withdrawal, payment or transfer of funds to or from your account, or we may remove funds from your account to hold them pending investigation," including in any of the following circumstances:

1

- Your account is involved in any legal or administrative proceeding;
- We receive conflicting information or instructions regarding account ownership, control or activity;
- We suspect that you may be the victim of a fraud, scam or financial exploitation, even though you have authorized the transaction(s);
- We suspect that any transaction may involve illegal activity or may be fraudulent;
- We are complying in our sole judgment, with any federal, state or local law, rule or regulation, including federal asset control and sanction rules and anti-money-laundering rules, or with our policies adopted to assure that we comply with those laws, rules or regulations; or
- We reasonably believe that doing so is necessary to avoid a loss or reduce risk to us.

Section IX.B states that Chase "will have no liability for any action we take under this section." The Agreement also states that CJI "agree[s] not to use [its] account for any ... illegal activity" and that "any funds in, or to be deposited in, [its] accounts are not proceeds from any criminal activity (including, but not limited to, tax crimes)." Agreement § IX.E. Section IX.A of the Agreement states that Chase "will not be liable for indirect, special, or consequential damages regardless of the form of action and even if we have been advised of the possibility of such damages." Agreement § IX.A.

On April 16, 2020, Chase allegedly prevented CJI from accessing its account, and on April 24, 2020, removed the entire balance of $1,462,033.56 from CJI's account. Compl. ¶¶ 3, 13, 15. CJI contacted "someone from [Chase's] Executive Office," who advised CJI that "Chase was conducting an 'investigation'" concerning the Account. *Id*. ¶ 20. However, Chase refused to provide relevant information concerning the Account, "including the status of any 'investigation', the status of the Balance, or any date certain by which CJI can expect to receive it." *Id*. ¶ 21. CJI allegedly continues to be denied access to the Account and is unable to access funds it requires to conduct business operations. *See id*. ¶ 22-23. CJI alleges that none of the circumstances in Section IX.B of the Agreement apply to either CJI or the Account. *Id*. ¶ 28, 36.

On June 3, 2020, the Government, through the United States Attorney's Office for the Southern District of New York (the "USAO"), sent Chase a letter (the "Freeze Letter") and conducted a warrantless seizure of CJI's Account. Answer Ex. D, ECF No. 29-4. The Freeze Letter stated that the Government had probable cause to believe that CJI's account was subject to seizure and forfeiture to the United States as proceeds of fraud and directed Chase to "immediately terminate all transfers out of the above- referenced account." *Id*. The Freeze Letter further stated that "[u]ntil such time as you hear from this Office, the account must not be released to anyone, including individuals or entities who would receive automatic withdrawals or chargebacks in the absence of this seizure." *Id.*

The USAO also sent Chase an executed Warrant of Seizure (the "Seizure Warrant") which stated that "there is probable cause to believe that [CJI's Chase Account] is subject to seizure and forfeiture." Answer Ex. E, ECF No. 29-5. The Court ordered that the Account "be frozen upon service of this warrant, in order to prevent the above-captioned funds from being transferred, withdrawn, or removed therefrom, except that transfers into the accounts shall continue to be permitted for a period of 10 days after service of this warrant." *Id*. at 2. The Seizure Warrant also instructed Chase to "wire the property seized to the Government." *Id.* Chase then transferred the $1,462,033.56 Balance to the Government per the warrant's instructions. Answer ¶¶ 1, 5, 26. In October 2020, CJI and the USAO SDNY entered into a Stipulation which provides that the seized funds shall be returned to CJI, but that "[t]he Government will continue to examine the conduct of CJI and/or its agents and employees with respect to the activity and/or activities which gave rise to the seizure of the [Balance]." Answer Ex. F ¶ 3, ECF No. 29-6.

CJI filed the instant suit on May 15, 2020, in New York Supreme Court. CJI alleges four causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) gross negligence; and (4) negligence. Compl. ¶¶ 31-50. CJI alleges that Chase breached the Agreement by preventing CJI from using the Account and by removing and failing to return the Balance. *Id*. ¶¶ 31-37. CJI alleges that Chase breached the implied covenant of good faith and fair dealing "by removing the Balance to an undisclosed location and for an undisclosed purpose, without any notice." *Id*. ¶ 40. CJI further alleges that Chase breached its duty of reasonable care to CJI by restraining CJI's access to the Account and Balance, and as to the gross negligence claim, contends that Chase did so without "even slight care or slight difference with respect to CJI's rights." *Id*. ¶¶ 44, 48-49. CJI seeks compensatory damages, punitive damages, pre- judgment and statutory interest, costs, and injunctive relief. *Id*.

On November 12, 2020, Chase filed its Answer. Chase admits that it restricted CJI's access to its Account on April 15, 2020, including the outgoing movement of funds, but alleges that it did so because of concerns about activity in the Account, as permitted by Section IX.B of the Agreement. *See* Answer ¶¶ 1, 22-23.

## LEGAL STANDARD

A Rule 12(c) motion may be granted "where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citations omitted). Rule 12(c) motions for judgment on the pleadings "are subject to the same standards applicable to Rule 12(b)(6) motions to dismiss." *Mraz v. JP Morgan Chase Bank, N.A.*, No. 17- CV-6380, 2019 U.S. Dist. LEXIS 57548, at *4-5 (E.D.N.Y. Apr. 3, 2019) (citing *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)). On a motion to dismiss under Rule 12(b)(6), the Court must

"consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). To survive a motion to dismiss, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court is obliged to accept as true all well-pleaded factual allegations in the complaint, and draw reasonable inferences in the plaintiff's favor, it need not accept legal conclusions or threadbare recitations of the elements of a cause of action. *Harris v. Mills*, 572 F.3d at 72.

In deciding a 12(c) motion, a court "may consider the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *See Meyers v. City of N.Y.*, 812 F. App'x 11, 13 (2d Cir. 2020); *Clain v. Int'l Steel Grp.*, No. 04-CV-173, 2005 U.S. Dist. LEXIS 1531, at *7 (S.D.N.Y. Jan. 31, 2005) ("When considering a motion to dismiss, a court may take judicial notice of the orders of another court."). "If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Lombardo v. Seuss Enters.*, L.P., No. 16-CV-9974, 2017 U.S. Dist. LEXIS 64854, at *13 (S.D.N.Y. Apr. 7, 2017) (Hellerstein, J.) (quotation marks and citations omitted); *accord Ricatto v. M3 Innovations Unlimited, Inc.*, No. 18-CV-8404, 2019 U.S. Dist. LEXIS 210777, at *8-9 (S.D.N.Y. Dec. 6, 2019) (same on Rule 12(c) motion).

## DISCUSSION

Chase first argues that judgment on the pleadings is appropriate because the express language of the agreement bars any claim against Chase for restricting CJI's Account. Chase next argues that CJI has not established a breach, substantial performance of its own contractual obligations, or damages for a breach of contract claim. Chase also argues that CJI's

5

claim for breach of the implied covenant of good fair is duplicative and that CJI has not adequately pleaded that the Agreement's purpose was frustrated. Finally, Chase argues that the negligence-based claims are not cognizable, as CJI has failed to plead that Chase has an independent duty of care and that Chase's actions are sufficiently reckless.

I hold that CJI's claims are barred by the liability waiver in Section IX.B of the Agreement. The express language of the agreement states that Chase "will have no liability for any action [it] take[s] under this section." Section IX.B. "New York law generally enforces contractual provisions absolving a party from its own negligence," except in the case of "grossly negligent conduct." *Colnaghi, U.S.A., Ltd. v. Jewelers Protection Services, Ltd.,* 81 N.Y.2d 821, 823 (N.Y. Sup. Ct. 1993). Section IX.B's terms therefore "relieve Chase of any liability" for restricting access to CJI's accounts based on suspicion of illegal activity. *Galitsa v. Berkley*, No. 161833/2015, 2016 N.Y. Misc. LEXIS 4676, at *6 (Sup. Ct. N.Y. Cnty. Dec. 16, 2016). Nor do the pleadings provide any factual allegations which "smack of intentional wrongdoing" or evince gross negligence on the part of Chase. *See Banc of Am. Sec. LLC v. Solow Bldg. Co. II, L.L.C.* 47 A.D.3d 239, 244 (1st Dep't 2007) (explaining that exculpatory clauses are only "precluded when the misconduct for which it would grant immunity smacks of intentional wrongdoing" or "where it is willful," "malicious or prompted by the sinister intention of one acting in bad faith."); *Colnaghi,* 81 N.Y.2d at 823-24 (defining gross negligence as "conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing."). Viewing the pleadings in the light most favorable to CJI, Chase was permitted to restrict CJI's account. Section IX.B states that "there are many reasons [Chase] may decline or prevent transactions to or from [CJI's] account," and contains a non-exhaustive list of reasons for restricting an account, which permits Chase to restrict an account "including. . .[if] we suspect that any transaction may

6

involve illegal activity or may be fraudulent." Section IX.B. Chase notified CJI that it was restricting its account based on "recent activity on the account," Compl. Ex. A, ECF No. 1-1, and was also told that Chase was conducting an "investigation" into the account. Compl. ¶ 21. While CJI alleges that none of the circumstances apply, it fails to provide any factual support for such a claim. These actions are well within Chase's rights, and do not raise any inference of gross negligence or wrongdoing. Therefore, the liability waiver contained within the Agreement is enforceable, and Chase is not liable for any actions that it undertook in restricting CJI's account.

Even if the liability waiver were not enforceable, CJI has not established a plausible breach of contract claim. In order to establish a claim for breach of contract, CJI must allege (1) existence of an agreement, (2) compliance with the contract, (3) breach of the contract, and (4) damages. *See RCN Telecom Servs., Inc. v. 202 Centre Street Realty LLC.*, 156 F. App'x 349, 350-51 (2d Cir. 2005); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994). Plaintiff alleges that Chase breached the agreement between them when it wrongfully froze CJI's accounts. However, as previously discussed, the Agreement provides that Chase may freeze CJI's Accounts if it "suspects that any transaction may involve illegal activity or may be fraudulent" or "reasonably believe[s] that doing so is necessary to avoid a loss or reduce risk to [Chase]." Section IX.B. Chase was therefore contractually permitted to freeze those accounts pending an investigation into those suspicions. Accordingly, I hold that Chase did not breach the Agreement and its motion for judgment on the pleadings of Plaintiffs' claim is granted.

CJI's claim for breach of the implied covenant of good faith and fair dealing claim is also dismissed. "New York law ... does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim,

based upon the same facts, is also pled." *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *Mraz v. JPMorgan Chase Bank, N.A.*, No. 17-CV-6380, 2019 WL 1471100, at *2–3 (E.D.N.Y. Apr. 3, 2019).  Contrary to CJI's assertions, its claim for good faith and fair dealing is not based on a separate independent duty; it is grounded in the same actions that form the basis for its claim of breach of contract.  To the extent that CJI bases any liability on Chase employee's statement that a check "would arrive between 7-10 business days," *see* Compl. ¶16, 19-20, such liability is also precluded, as Section IX.A states that the terms of the Agreement shall govern when it "conflicts with any statements made by one of our employees or by our affiliates' employees."  Section IX.A.  Further, CJI has not alleged that the Chase branch employee's statement was intentionally false or made in bad faith.  *See Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.*, 259 F. Supp. 3d 16, 37 (S.D.N.Y. 2017) (explaining that a claim of bad faith requires that defendant acted intentionally and purposefully).  Ultimately, the terms of the Agreement permitted Chase to remove and hold the funds pending its investigation.  "'A defendant does not breach its duty of good faith and fair dealing by exercising its rights under the contract.'"  *Kamdem-Ouaffo v. Balchem Corp.*, No. 17-CV-2810, 2018 U.S. Dist. LEXIS 157265, at *67-68 (S.D.N.Y. Sep. 14, 2018); *In re Minpeco, USA, Inc*., 237 B.R. 12, 26 (Bankr. S.D.N.Y. 1997) (A party "which acts in accordance with its contractual rights cannot be held liable for breaching an implied covenant of good faith.").  CJI's claim for breach of the implied covenant of good faith and fair dealing is therefore dismissed.

Finally, CJI's claims for negligence and gross negligence are dismissed.  Under New York law, "the underlying relationship between a depositor and a bank is that of debtor and creditor which relationship is grounded in contract."  *In re Sanger*, 46 Misc. 3d 830, 833 (N.Y. Sur. 2014) (citing *Merrill Lynch, Pierce, Fenner & Smith v. Chemical Bank*, 57 N.Y.2d 439, 444

(N.Y. 1982)), *see also Mraz v. JPMorgan Chase Bank, N.A.,* No. 17-CV-6380, 2018 WL 2075427, at *5 (E.D.N.Y. May 3, 2018). "[A] cause of action sounding in tort alleged by a depositor against its bank must rest on some duty independent of the bank-depositor contract." *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 640 (E.D.N.Y. 2000); *see also Wells v. Bank of N.Y. Co.*, 181 Misc. 2d 574, 579 (N.Y. Sup. Ct. 1999) ("[A] cause of action for negligence cannot be based on a breach of a contractual duty between [the defendant bank] and [the plaintiff depositors]."). Aside from conclusory statements that Chase "owed a duty of reasonable care" to CJI, *see* Compl. ¶ 43, CJI has provided no extra-contractual duty which Chase owed to CJI. *See* Compl. ¶¶42-50. CJI's claim for negligence and gross negligence are therefore duplicative of its claim for breach of contract and dismissed. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 194 (N.Y. 1987) ("Merely charging a breach of a 'duty of care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim.").

## CONCLUSION

In conclusion, Defendant's motion for judgment on the pleadings is granted, and this case is dismissed in its entirety. CJI's request to amend its complaint is denied as futile, as the Agreement precludes liability against Chase. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("Leave to amend, though liberally granted, may properly be denied for. . . . futility of amendment"). Oral Argument, currently scheduled for Tuesday, May 25, 2021, is hereby cancelled. The Clerk is directed to close the open motion, ECF No. 31, enter judgment for Defendant, and close the case.

SO ORDERED.

Dated: May 21, 2021            ____/s/ Alvin K. Hellerstein ____
       New York, New York      ALVIN K. HELLERSTEIN
                               United States District Judge